# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Richard Wayne Allen,                )<br>                                                        )<br>                      Plaintiff,        )<br>v.                                                )<br>                                                        )<br>Carolyn W. Colvin,                       )<br>Acting Commissioner of Social Security  )<br>                                                        )<br>                      Defendant.     )<br>_____ ) | Civil Action No. 4:12-cv-01976-JMC<br><br>**ORDER AND OPINION** |

      Plaintiff Richard Wayne Allen filed an action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g).

      In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, the matter was referred for pretrial handling to United States Magistrate Judge Thomas E. Rogers III. On July 31, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") in which he recommended reversing the decision of the Commissioner and remanding for administrative action consistent with the Magistrate Judge's Report. (ECF No. 39 at 1.) The Commissioner filed no objections to the Report. (Id.) This court adopted the Magistrate Judge's Report. (Id. at 2.) Subsequently, Plaintiff was awarded attorney's fees, costs, and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the stipulated amounts of $4,400.00 in attorney's fees, $16.00 in expenses, and $7.00 in costs. (ECF No. 45 at 1-2.)

      The matter is now before the court upon Plaintiff's counsel's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 46.) Plaintiff's counsel W. Daniel Mayes seeks attorney's fees in the amount of $15,490.00 for work done before this court.

1

(Id. at 1.)  The Commissioner, noting that fees under 42 U.S.C. § 406(b) are paid from the claimant's benefits and not agency funds, does not object to the awarding of fees.  (ECF No. 48 at 1.)  For the reasons set forth below, the court **GRANTS** Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).

## I.     LEGAL STANDARD

Under 42 U.S.C. § 406(b), an attorney who successfully represents a plaintiff in a Social Security disability claim under Title II of the Social Security Act may be awarded a "reasonable fee" for representation before the court.  42 U.S.C. § 406(b)(1)(A).  The fee may not exceed 25% of the total past-due benefits to which the claimant is entitled due to a favorable judgment.  Id.  When a fee is awarded pursuant to 42 U.S.C. § 406(b), "no other fee may be payable or certified for payment" to the attorney.  Id.

In view of the fact that Social Security claims are usually litigated on a contingency fee basis, the Supreme Court has stated that Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  When a fee does not exceed the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id.  When considering the reasonableness of a fee, the Court stated that a reduction may be appropriate (1) on the basis of "the character of the representation and the results of the representative achieved," (2) where the attorney was responsible for delay during the pendency of the case before the court, and (3) where "the benefits are large in comparison to the amount of time counsel spent on the case."  Id. at 808.

The Court of Appeals for the Fourth Circuit set forth twelve factors that "must be considered by district courts . . . in arriving at a determination of reasonable attorneys' fees in

any case where such determination is necessary." Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). These factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Id. However, the Supreme Court has expressed concern over these factors, stating they "[give] very little actual guidance to district courts." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986)). To the extent that these factors promote adequate analysis and are compatible with Gisbrecht, the court considers them here.

Where counsel is representing the litigant on the basis of a contingent fee contract, the contingency of the fee is a significant factor in evaluating the reasonableness of a fee. McKittrick v. Gardner, 378 F.2d 872, 875 (4th Cir. 1967). Moreover, "[c]harges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is so uncertain." Id. While Section 406(b) specifically provides for fees only for the lawyer's representation before the court, it is appropriate for the court to consider work the lawyer performed at the agency level as one factor in making its determination as to the reasonableness of a fee. Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005).

3

## II.     ANALYSIS

Plaintiff was awarded $41,135.00 in back Title II benefits as well as an additional $20,825.00 in benefits due to his children. (ECF No. 46-1 at 1; ECF 46-3 at 6, 10.) Out of those amounts, a total of $15,490.00 was withheld to pay attorney's fees. (ECF No. 46-1 at 1.) Plaintiff's counsel took this case on a contingency fee basis; specifically, Plaintiff agreed that in the event his case was appealed to this court with a favorable outcome, the fee would be 25% of all past due benefits accrued to the Plaintiff. (ECF No. 46-2 at 2.) The $15,490.00 fee Plaintiff's counsel seeks is 25% of the total past-due benefits Plaintiff was awarded.[1] Because this amount does not exceed the statutory limit of 25% of past-due benefits, the court reviews the record to ensure the fee is reasonable.

There has been no allegation that Plaintiff's attorney has provided sub-standard representation. (ECF No. 46-1 at 4.) In fact, it is due to Plaintiff's attorney's expertise and abilities that Plaintiff was successful in obtaining his past-due benefits. (Id. at 5.) Plaintiff's counsel is "one of a relatively small number of attorneys in the state that handles a volume of district court social security cases." (Id. at 7.) The court also notes Plaintiff's counsel represented Plaintiff at the agency level before appealing to this court. (Id. at 8.) Further, Plaintiff's counsel has not unduly delayed Plaintiff's case in order to accrue a higher fee. (Id. at 5.)

---

[1] Upon review of Plaintiff's Motion and attached documents, total past due benefits appears to equal $61,960.00. This includes the benefits due Plaintiff's two children, which the court also considers in its determination of the fee amount to which Plaintiff's counsel is entitled. See Redden v. Celebrezze, 370 F.2d 373, 375 (4th Cir. 1966) ("[T]he statutory words 'past-due benefits to which the claimant is entitled by reason of such judgment' mean the entire group of benefits payable to the primary claimant on his own behalf and to him and other dependent members of his family on their behalf.")

Moreover, Plaintiff's counsel will not receive a "windfall" by receiving this fee. As a preliminary matter, Plaintiff and his attorney had already agreed upon a fee equal to 25% of all Plaintiff's past-due benefits in the event Plaintiff prevailed in court. (ECF No. 46-2 at 3.) See McKittrick, 378 F.2d at 875. Plaintiff's attorney has provided a timetable showing he spent 38.75 hours pursuing Plaintiff's case in this court. (ECF No. 46-4 at 2.) Additionally, Plaintiff's attorney, to comply with Section 406(b), has provided that he will return $4,400.00 in EAJA fees to Plaintiff once he receives fees pursuant to 42 U.S.C. § 406(b). (ECF No. 46-1 at 2.) The court also notes that Plaintiff will "not seek to obtain any additional fee at the administrative level if the presently requested fee is approved." (Id.)

As the majority of Plaintiff's attorney's work involves Social Security cases operating on a contingency fee basis, there is no relevant hourly rate to use as a metric of reasonableness here. See Gisbrecht, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee . . . a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") However, an award in the amount requested is customary and even less than fees approved in other cases. See Jones v. Barnhart, No. 6:05-2170-RBH (D.S.C. May 7, 2009) (Counsel awarded $25,382.00 in attorney's fees, which amounted to 25% of past-due benefits, where counsel had expended about 31 hours on the case.); Jones v. Astrue, No. 2:07-1643-HFF-RSC (D.S.C. May 8, 2009) (Counsel awarded $30,105.00 in attorney's fees pursuant to settlement agreement). Plaintiff's counsel here was also the counsel in Jones v. Astrue; he estimates he dedicated about 33 hours to that case, leaving his "hourly rate" as approximately $912.27 per an hour. (ECF No. 46-1 at 7.) Likewise, in Jones v. Barnhart, the "hourly rate" would equal approximately $818.77 per an hour. Here, in contrast, the "hourly rate" would equal about $399.74 per hour. (ECF No. 46-1 at 9.)

Further, Plaintiff's attorney accepted significant opportunity costs to maintain Plaintiff's case. Plaintiff's counsel could have foregone Plaintiff's more complex case in order to accept a greater load of less complicated Social Security cases. (ECF No. 46-1 at 6.) As Plaintiff's attorney attests, a typical Social Security case "that is won at the administrative level results in a fee of several thousand dollars, up to $6,000, and these cases are much less time consuming and less complex to handle than litigation before the court." (Id.) In light of the record and relevant law, $15,490.00 is a reasonable fee for Plaintiff's attorney.

Finally, Plaintiff has already been awarded fees in the amount of $4,400.00 under the EAJA. (Id. at 2.) Fees may be awarded under both the EAJA and Section 406(b), "but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'" Gilbrecht, 535 U.S. at 796. Plaintiff's attorney shall, as he submits he will in his Motion for Attorney's Fees, refund to Plaintiff the $4,400.00 awarded pursuant to the EAJA after he receives the payment of the Section 406(b) fees in the amount of $15,490.00.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion of Plaintiff's counsel W. Daniel Mayes brought pursuant to 42 U.S.C. § 406(b) and **AWARDS** Plaintiff's counsel $15,490.00 in fees. Plaintiff's counsel shall return $4,400.00 previously awarded under the EAJA to Plaintiff.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 25, 2015
Columbia, South Carolina

6